IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01451-LTB-KMT

DANIEL W. DAUWE,

    Plaintiff,

v.

HONORABLE G. DAVID MILLER, in his capacity as District Judge in the Fourth Judicial District of Colorado,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

This case involves a claim that Defendant violated Plaintiff's constitutional rights, due process rights and rights of equal access to the courts. This matter is before the court on Defendant's "Motion to Dismiss" (Doc. No. 14).

### FACTUAL BACKGROUND

*1.    Facts*

The following facts are taken from Plaintiff's Complaint and the parties' submissions with respect to this Recommendation. According to Defendant, Plaintiff's marriage was dissolved in 1997 in El Paso County District Court Case No. 95DR2516, and the state court litigants have been involved in related litigation ever since. (Mot. to Dismiss at 1 [hereinafter "Mot."] [filed September 10, 2007].) Plaintiff states in 1999 he was sued by a collection agency

on behalf of a psychiatrist for debt claims related to unauthorized services rendered on behalf of his children. (Compl. at 1 [filed July 11, 2007].) Defendant Judge Miller is one of the judges who has presided over the case, Case No. 99CV322, *Credit Service Co. Inc. v. Daniel W. Dauwe*, in El Paso County District Court. (Mot. at 2.) Plaintiff states he pled the psychiatrist into the case as a third-party defendant, asserting a claim for wrongful debt collection. (Compl. at 1.) The court granted dismissal of some claims against the psychiatrist, but denied a dismissal of the wrongful debt collection claim. (*Id.*) Plaintiff appealed to the Colorado Court of Appeals. (*Id.*) Plaintiff states he later sought leave of the trial court to supplement his claims with additional claims against the psychiatrist, but the court refused to allow the supplemental claim. (*Id.*) Plaintiff filed the supplemental claim in a separate case, 05CV2223. (*Id.* at 2–3.) According to Plaintiff the trial judge "would not move forward with the case, saying it should probably be consolidated with 99CV322." (*Id.* at 2.) When 99CV322 came back from appeal, Defendant Miller was assigned as the judge. (*Id.*) According to Plaintiff, Defendant Miller allowed consolidation of 99CV322 and 05CV2223, but he dismissed the consolidated claims and ordered trial would be set on the original debt claim against Plaintiff. (*Id.*) Since the filing of the Complaint in this case, the El Paso County District Court case has been tried before Senior District Court Judge Garth L. Nieschburg in El Paso County District Court. (Resp. to Mot. to Dismiss, App. A [hereinafter "Resp."] [filed Oct. 4, 2007].) Judge Nieschburg issued an Order and Judgment finding in favor of Dauwe. (*Id.*)

Plaintiff asserts (1) that Defendant violated his right of equal access to the courts by refusing to allow his claims of wrongful debt collection against Credit Service Company and Dr.

2

Deane S. Berson to go to trial in El Paso County; (2) that Defendant violated Plaintiff's right to due process of law by suspending the district court rules of civil procedure, prohibiting discovery or depositions, thereby denying Plaintiff the right to gather evidence to prove his case; (3) that Defendant violated Plaintiff's right to due process of law by refusing to recuse himself; and (4) that Defendant violated Plaintiff's right of undelayed access to the courts by refusing to certify the dismissal of the consolidated claims for appeal. (*Id.*) Plaintiff seeks declaratory and injunctive relief, requiring Defendant to recognize Plaintiff's legal rights. (*Id.*)

Defendant has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(1). (Mot. to Dismiss [hereinafter "Mot."] [filed September 10, 2007].) Defendant asserts that (1) this court must abstain from hearing this action because of the *Younger* abstention doctrine; and, in the alternative, (2) this court does not have jurisdiction to hear this action because of the *Rooker-Feldman* doctrine. (Mot. at 3–9.)

2.  *Procedural History*

Plaintiff filed his Complaint on July 11, 2007. (Compl.) Defendant filed his motion to dismiss on September 10, 2007. (Mot.). Plaintiff filed his response on October 4, 2007. (Resp.) Defendant filed his reply on October 19, 2007. (Reply to Resp. to Mot. to Dismiss [hereinafter "Reply"].) This matter is fully briefed and ripe for review and recommendation.

## STANDARD OF REVIEW

The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007)

(citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### *1.     Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere

conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

## ANALYSIS

***1.     This court has no jurisdiction over Defendant Miller as to the wrongful debt collection claim against the collection agency due to the Younger doctrine abstention requirement.***

The *Younger* doctrine requires that federal courts refrain from interfering with state court proceedings by granting equitable relief — such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings — when such relief could be sought in the state court. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). In addition, [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Id.* If these conditions are met, abstention is nondiscretionary and must be invoked. *Id.*

Defendant asserts that all three *Younger* conditions are met, and, therefore, this court should abstain from exercising jurisdiction. (Mot. at 4.) As to the first condition that there must be an ongoing state criminal, civil, or administrative proceeding, Plaintiff asserts that this case is ongoing in the state court because not all claims have been adjudicated. (Resp. ¶ 3.) Plaintiff is

5

correct that this in an ongoing state court action as to the wrongful debt collection claim against the collection agency only, but he is wrong about the reason. For purposes of applying *Younger*, exhaustion of state appellate remedies is required. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609 n.21 (1975). The trial in the state court matter was held on August 20, 2007. (Resp., App. A.) On September 21, 2007, Judge Nieschburg issued an Order and Judgment finding in favor of Dauwe and against the collection agency. (*Id.*) Plaintiff asserts the wrongful debt collection claim against the collection agency has not been tried and, therefore, no appeal could be pursued. (Resp. ¶ 3, 8.) Defendant cites several cases in support of its argument that Colorado's appellate courts routinely deal with allegations that the trial court failed to adjudicate a claim. (Reply at 3.) The court agrees with the defendant. Although the counterclaim, if it indeed still exists, is not specifically addressed in Judge Nieschburg's Order and Judgment, Plaintiff has other means of addressing this issue in state court, including pursuing an appeal of the Order and Judgment in case 99CV322. *See Trask v. Nozisko*, 134 P.3d 544, 555 (Colo. 2006) (Trial court's error in denying relief on trespass and abuse of process claims requires remand to trial court for further findings and conclusions). *See also Konkel v. Golden Plains Credit Union*, 778 P.2d 660, 666 (Colo. 1989) (Where determination of debtor's place of residence was not decided by the trial court, determination is left for the trial court on remand.); *Lease Finance, Inc. v. Burger*, 575 P.2d 857, 860 (Colo. App. 1977) (Where issues not addressed in trial court's findings of facts and conclusion of law, case must be remanded to trial court for resolution of issues.) Finally, Plaintiff "may not avoid the standards of *Younger* by simply failing to comply with the procedures of perfecting its appeal." *Huffman*, 420 U.S. at 611 n.22. In this case, Plaintiff has

presented no convincing evidence that his state court action is final, and, therefore, the first condition of *Younger* is met.

As to the second *Younger* condition that the state court must provide an adequate forum to hear the claims raised in the federal complaint, Plaintiff contends that the condition is not met because Defendant Miller has refused to try the wrongful debt collection claim and has "actively frustrat[ed] an appellate remedy in state court." (Resp. ¶ 5–6.) Defendant points out that he is no longer assigned to hear case number 99CV322 and would have no ability to affect Plaintiff's access to Colorado's appellate courts. (Reply at 4.) Regardless, the issue here is whether the state court is able to provide an adequate forum to hear the claims raised in the federal court — not whether the state court has allowed claims to be tried or dealt with on appeal. Defendant correctly argues that Colorado's state court system routinely hears claims of federal constitutional violations. (Mot. at 4.) Defendant further argues, citing *Hawaii Housing Auth. v. Midkiff*, 463 U.S. 1323, 1325 (1983), that the Supreme Court has recognized that state courts are fully competent to adjudicate federal constitutional claims. (*Id.*) This court finds that the state court does provide an adequate forum to hear all of the claims raised in the federal complaint, and, therefore, the second *Younger* condition is met.

There appears to be no dispute that the third *Younger* condition, that the state proceedings must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies, is met. Defendant states that "Colorado's operation of its state court judicial system is an important state interest that federal adjudication [] on the merits would render nugatory." (Mot. at 5.) Plaintiff seems to concede

that this condition is met. (Resp. ¶ 6.) The court finds that the third *Younger* condition is met. Accordingly, as all of the *Younger* conditions have been met, abstention by this court is nondiscretionary as to claim against Defendant Miller related to the wrongful debt collection claim against the collection agency.

2.  ***This court has no jurisdiction over Defendant Miller as to Plaintiff's wrongful debt collection claim against Dr. Berson due to the Rooker-Feldman doctrine.***

Defendant asserts that, in the event the state court judgment is final, this suit must be dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine stems from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine is confined to cases where the state-court loser filed suit in federal court after the state proceedings became final. *Id.* at 291; *Sheriff v. Accelerated Receivables Solutions, Inc.*, No. 06–8088, 2008 WL 2487920, at *3 (D. Wyo. June 23, 2008).

Plaintiff contends the claim for wrongful debt collection against the psychiatrist, Dr. Berson, in case 99CV322 has not been adjudicated and, therefore, an appeal could not be pursued. (Resp. at 2.) However, Plaintiff states in his petition for mandamus relief, attached to his response as Appendix B, that Defendant Miller, upon review of Dr. Berson's motion to dismiss, granted dismissal of all of Dauwe's claims against Dr. Berson, including the wrongful

debt collection claims. (Resp., App. B at 5.) Dauwe appealed this decision, and the Colorado Court of Appeals affirmed on September 22, 2005. (Mot., Attach. 1.) Certiorari was denied on May 8, 2006. (*Id.*) Plaintiff later filed his petition for mandamus relief, arguing again, *inter alia*, that the wrongful debt collection claims should not have been dismissed by the granting of Dr. Berson's summary judgment motion. (Resp., App. B at 10.) The Colorado Supreme Court denied the petition for mandamus relief on June 7, 2007. (Resp., App. C.) Therefore, the claims against Dr. Berson were dismissed and the judgment was final on May 8, 2006, the date certiorari was denied, or, at the very latest, on June 7, 2007, when the petition for mandamus relief was denied. Plaintiff did not file this case in federal court until July 11, 2007, after the state proceedings became final. Therefore, the *Rooker-Feldman* doctrine is applicable.

Moreover, the claims brought by Dauwe in this federal case are "inextricably intertwined" with the state court judgments dismissing the claims asserted by Dauwe against Dr. Berson, as defined in *Feldman*. *Feldman's* "inextricably intertwined" language broadened the reach of the *Rooker* principle to include those plaintiffs who knew better than to ask that the district court declare the state judgment null and void, but who in essence sought just such relief under cloak of constitutional claims. As Justice Marshall defined in his concurring opinion in *Pennzoil v. Texaco Inc.*, 481 U.S. 1, 23 (1987):

> [I]t is apparent, as a first step, that the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Id*.

Dauwe is challenging his state court process in all of the claims for relief related to his original claims against Dr. Berson. Only if the state court judgment had been overturned would Dauwe's claims have any marginal chance for success in this court. This court finds that it is precluded by the *Rooker-Feldman* doctrine from exercising jurisdiction over the claims against Defendant Miller as they relate to the original claim against Dr. Berson for wrongful debt collection.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Defendant's "Motion to Dismiss" (Doc. No. 14) be GRANTED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 6th day of August, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge